[Civ. No. 9166. First Appellate District, Division One.—November 14, 1934.]

ANNE FINDLAY, Respondent, v. ANGELA J. COYLE, as Administratrix, etc., Appellant.

Andrew F. Burke for Appellant.

Dunne, Dunne & Cook and John Elliott Cook for Respondent.

JAMISON, J., *pro tem.*—This action is upon a rejected claim. The complaint contains two counts. The first is for services as a nurse and companion, and the second count is upon an agreement of the decedent to pay a mortgage in the sum of $5,500 assumed by plaintiff in the purchase of a home. The defendant answered, admitting the due appointment of defendant Angela J. Coyle as administratrix of the estate of deceased and denying the other allegations of the complaint. The case was tried by a jury, which returned a verdict in favor of plaintiff for the sum of $5,500. Thereupon the trial court rendered judgment for plaintiff in the said sum of $5,500. From this judgment defendant appeals.

Appellant contends that respondent's testimony was insufficient to justify the verdict or to sustain the judgment because it was inconsistent with the contemporaneous written accounts of the decedent which were approved by respondent, accepted by her as correct, and thereby made her own. It is therefore necessary to review the evidence produced by respondent. Respondent was a widow, her husband having died in 1919. In 1920 she was living with her sister, Mrs. Frances Johnson, in San Francisco. The same year she became acquainted with the decedent, and in 1921 through the efforts of decedent she entered St. Mary's Hospital as a nurse. Thereafter she purchased a small home. During all of this time she kept up her acquaintance with decedent. He was in poor health, had been separated from his family for a period of thirty-eight years and was anxious to secure a home for his declining years. He finally suggested to her that she buy a home on Anza Street. They went to the Anza Street place and looked it over. The purchase price of this property was $8,400, a mortgage for $5,500

standing against it. Decedent told respondent that if she would purchase this property and trade her small home in on the deal he would pay off the $5,500 mortgage as soon as he sold certain property he owned in San Francisco. Upon this agreement respondent purchased the Anza Street home, trading in her own home for a part of the purchase price and assuming the $5,500 mortgage.

The decedent, Joseph A. Coyle, died in June, 1929. He was sixty-eight years of age at the time of his death, and for six or seven years previous to that time he had been in poor health. Respondent's testimony regarding the decedent's agreement to pay off the said mortgage is corroborated by the testimony of her sister, Mrs. Frances Johnson, and by that of Mrs. Mary B. Wulf, Mrs. Aileen Purcell, Mrs. Agnes Armstrong and Mrs. Mary A. Sheehan, all of whom testified that decedent told them he was going to pay off the said mortgage. The decedent sold his property in San Francisco in June, 1928, for $35,000, and after paying certain liens against the property he received the sum of $15,039.29, but he failed to pay off the said mortgage as he had agreed with respondent he would do. It appears from the evidence that during the three and a half years prior to his death he resided in the Anza Street property and made it his home. In the beginning of this residence he promised to pay respondent $100 per month for his board and lodging. This amount was subsequently reduced to $85 per month, and again reduced to $65 per month. Respondent never received any money at all from decedent, he paying all the expenses of the household himself.

Appellant claims the evidence shows that during the last year of his life decedent submitted to respondent the monthly account of the items which he charged against her, and that one of these items was $27.50 which was the interest on the $5,500 mortgage; that with the knowledge that this interest was charged against her respondent approved the same. Appellant contends that the respondent's testimony was insufficient to justify the verdict or sustain the judgment because it was inconsistent with the contemporaneous written accounts of decedent which were approved by respondent, accepted by her as correct and thereby made her own. Authorities are cited in support of this contention: that where it is clearly shown that a party to an action

has sworn falsely to a material matter his entire evidence should be excluded. None of the cited cases have facts similar to the facts of the instant case. The evidence in this case clearly shows that respondent reposed entire confidence in decedent. He conducted the business of selling her home; he negotiated the deal for the Anza Street property. It also appears that Mrs. Findlay was of very limited business ability. There is no evidence that respondent ever approved these monthly accounts. She stated that she did not know what the bills came to; that she never bothered about anything; that the end of the month would come and decedent would pay the interest and say here it is and she would give it an off-hand look; that she thought it was all right.

In addition to the testimony of respondent we have the testimony of the five women who heard decedent say, both before and after the purchase by respondent of the home on Anza Street, that he intended to keep his agreement with respondent and pay off the mortgage when he sold his property in San Francisco. ■ Appellant contends that the testimony of these witnesses shows merely a gratuitous promise to pay the mortgage upon respondent's Anza Street home, and was insufficient to sustain the judgment. The agreement of decedent to pay this mortgage was based upon a good and sufficient consideration. He was anxious to be provided with a home, with a companion who would care for him and attend him in sickness and provide for his comfort. He entered into the agreement with respondent that if she would purchase this Anza Street property where he could have a home, turn in her own home in payment of a part of the purchase price, and assume the mortgage, he would pay off the mortgage as soon as he sold his own property. We find all the elements of a good consideration present in this agreement. (Civ. Code, sec. 1605; 6 Cal. Jur. 169; 13 Cor. Jur. 320.) The testimony of these witnesses fully corroborates the testimony of respondent and amply supports the verdict of the jury. ■ Respondent had no income; was dependent upon her daily labor for her support. Under these circumstances it is not conceivable that she would give up her own small home and assume this mortgage without some assurance that it would be paid otherwise than by her own efforts. There is ample evidence that she provided the decedent with a comfortable home,

nursed him when he was sick and in all ways carried out her part of the agreement to provide him in his old age with a home.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.